RICHARD J. IDELL, ESQ., #069033
PATRICIA DE FONTE, ESQ. #223923
IDELL, BERMAN, SEITEL & RUTCHIK LLP
The Merchants Exchange Building
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Plaintiff U2 HOME ENTERTAINMENT, INC.,
a California Corporation doing business as NEW IMAGE AUDIO
& VIDEO, CENTURY HOME ENTERTAINMENT and
TAI SENG ENTERTAINMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U2 HOME ENTERTAINMENT, INC., a California Corporation doing business as NEW IMAGE AUDIO & VIDEO, CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT<br><br>Plaintiff,<br><br>v.<br><br>THANH VIDEO, business entity form unknown, CHIEU NHI VIDEO & PURE WATER, a business entity form unknown, TRU HUY NGUYEN, an individual and doing business as CHIEU NHI VIDEO & PURE WATER, DIEM CHAU VIDEO, a business entity form unknown, LAM KHAC CU, individually and doing business as DIEM CHAU VIDEO, THUAN TRAN, individually and doing business AS DIEM CHAU VIDEO, and DOES 1 to 200, inclusive,<br><br>Defendant. | Case No.: C05-3196 CRB<br><br>[PROPOSED] FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION AS TO DEFENDANT THANH VIDEO |

Plaintiff, U2 HOME ENTERTAINMENT, INC., a California corporation doing business as NEW IMAGE AUDIO & VIDEO, CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (formerly TAI SENG VIDEO MARKETING) ("U2" or "Plaintiff"), having duly commenced this action by filing the verified complaint herein and serving certain defendants THANH

1

1  VIDEO (hereinafter referred to as "Defendant"), alleging violations of its rights in connection with its
2  copyrights including, but not limited to the works identified on Exhibit "A" to the verified compliant,
3  which Exhibit is hereby incorporated by reference, and service of the verified complaint having been
4  made on the said Defendant, or, acknowledged by the Defendant's signature to this Final Judgment,
5  Consent Decree and Permanent Injunction ("Final Judgment"), and the Plaintiff, and the said Defendant,
6  having agreed to the entry of this Final Judgment, without a trial, and without the adjudication of any
7  issue of fact or law; and the said Parties having consented to the jurisdiction of the Court and having
8  consented to each and every provision, order and decree of this Final Judgment, and this Final Judgment
9  being the result of a compromise of the above matter and having been stipulated to;

10        IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
11        1.    This Court has jurisdiction over this action for copyright infringement and false
12  designation of origin and has jurisdiction over the parties to this suit, as named and set forth above and
13  below in this Final Judgment. This Court retains jurisdiction over this matter for the purposes of any
14  contempt or other enforcement proceeding stemming from any violation of the permanent injunction or
15  any other provision set forth herein.
16        2.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and its
17  related business entities, and Defendant's officers, directors, shareholders, members, partners, agents,
18  representatives, servants, employees, successors and assigns, and any and all persons acting in concert or
19  participation with them who receive actual notice of this Final Judgment are permanently enjoined and
20  restrained from:
21        a.    Importing, making, marketing, distributing, selling, offering for sale, renting, leasing
22  and/or otherwise trafficking, including but not limited to over the Internet, ("Trafficking") in
23  Unauthorized copies of audio-visual content and/or products the copyrights to which are owned or
24  licensed by Plaintiff, whether heretofore released or to be released after date of this Final Judgment,
25  (hereinafter collectively referred to as "Plaintiff's Copyrighted Works"), including but not limited to
26  those works listed on the Exhibit "A" to this Final Judgment. The term "Unauthorized" includes but is
27  not limited to counterfeit copies and/or imports in violation of Plaintiff's exclusive copyright licenses or
28  other interests.

b. Otherwise engaging in any other activity related to Plaintiff's Copyrighted Works in any manner which is likely to cause others to falsely believe that Defendant is authorized or approved by or licensed by Plaintiff.

c. In any manner infringing, or contributing to, or participating in, the infringement by others, of any of the copyrights in Plaintiff's Copyrighted Works in the United States, and from acting in concert with, aiding or abetting others, to infringe any of the said copyrights in any way;

d. Offering to do any of the acts enjoined in subparagraphs (a) through (c) above.

e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) though (d).

f. This Final Judgment shall be effective as to each such work for so long as Plaintiff holds the exclusive rights to or owns a particular work.

3. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant shall deliver to Plaintiff or Plaintiff's counsel, at no cost to Plaintiff, any and all unauthorized copies of Plaintiff's Copyrighted Works, which are now or later come into the possession, custody or control of Defendant.

4. The Parties have entered into a written settlement agreement which provides for monetary payments and the Parties agree that the Court shall retain jurisdiction to enforce the terms of that agreement.

5. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if Plaintiff is required to file any further proceedings to enforce the terms of this Final Judgment, the prevailing party in said proceeding shall be entitled to recover its attorneys' fees and costs in any such proceedings.

6. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over any subsequent action resulting from any violation of this Final Judgment.

7. Defendant agrees and IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the terms of this Final Judgment shall inure to and be binding up the successors and assigns of both Plaintiff and Defendant.

10. This Final Judgment is entered without prejudice to U2 filing an action for non-dischargeability in the event that the monetary terms of the settlement between the Parties are not fully paid and there is a subsequent bankruptcy.

AGREED AND CONSENTED TO by U2 HOME ENTERTAINMENT, INC. a California corporation doing business as NEW IMAGE AUDIO & VIDEO; CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (FORMERLY TAI SENG VIDEO MARKETING)

Dated: Sept. 30, 2005        U2 HOME ENTERTAINMENT, INC.

By: ALAN T. HUIE
Its: GENERAL COUNSEL

AGREED AND CONSENTED TO by THANH VIDEO

Dated: 9/28/05, 2005        THANH VIDEO

By: NGHIA NGUYEN
Its: OWNER

APPROVED AS TO FORM BY COUNSEL:

Dated: 10/3/05, 2005        IDELL, BERMAN, SEITEL & RUTCHIK LLP

Richard J. Idell
Attorneys for Plaintiff

Dated: _____, 2005        By _____
Of _____
Attorneys for Defendant Thanh Video

IT IS SO ORDERED.

Dated: October 12, 2005

JUDGE OF THE UNITED STATES DISTRICT COURT

APPROVED
Judge Charles R. Breyer

4
[PROPOSED] FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION AS TO DEFENDANT THANH VIDEO
Case No. C 03-05626 RMW