United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U2 HOME ENTERTAINMENT, INC.,

       Plaintiff,

  v.

THANH VIDEO, et al.,

       Defendants.
_____/

No. C 05-03196 CRB

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

     This is a copyright infringement and false designation case involving a distributor of Chinese films and television shows in the United States and various bootleggers of said films and television shows.  Previously, the Court entered final judgment on two separate occasions where plaintiff reached a settlement with some of the defendants.  Now pending before the Court is plaintiff's motion for default judgment against the remaining defendants: Chieu Nhu Video & Pure Water and Tru Huy Nguyen, individually and doing business as Chieu Nhu Video & Pure Water (collectively "Pure Water defendants"); and Thuan Tran, individually and doing business as Diem Chau Video.[1]  None of the defaulting defendants has filed an opposition here.  After carefully considering plaintiff's submissions, the Court deems oral argument unnecessary pursuant to Local Rule 7-1(b), and plaintiff's motion for default is hereby GRANTED.

---

[1]Diem Chau Video was a party to an earlier consent decree and final judgment.

**United States District Court**

For the Northern District of California

1    All defendants have been served with the Summons and Verified Complaint but have

2    not responded.  On September 28, 2005, default was entered against the Pure Water

3    defendants.  On December 5, 2005, default was entered against Thuan Tran.  None of the

4    defendants submitted an opposition to this motion for default judgment nor communicated

5    with the Court in any manner.  Therefore, for purposes of this motion, the Court accepts as

6    true all allegations in the Complaint relating to liability.  See TeleVideo Systems, Inc. v.

7    Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

8    **I.      Remedy**

9        The Complaint asserts that each group of defendants were engaged in the unlawful

10   business of manufacturing and distributing bootlegged copies of plaintiff's exclusive

11   programs.  Plaintiff seeks (1) a permanent injunction, (2) statutory damages and

12   enhancements for willfulness under the Copyright Act, (3) costs and attorney's fees under the

13   Copyright Act, and (4) the exoneration of the $5,000 bond posted previously.   Plaintiff has

14   submitted evidence that 19 registered, copyrighted programs were infringed upon by each

15   group of defendants.

16   **A.      Permanent Injunction**

17       The Court hereby permanently enjoins all defaulting defendants and each of their

18   respective agents, principals, servants, employees, successors and assigns from:

19       (A)    Directly or indirectly infringing the copyrights of plaintiff, in any manner, and

20               from causing, contributing to or participating in, the unauthorized duplication

21               of plaintiff's copyrighted audio-visual works, and from offering for rent or

22               sale, selling, or distributing to the public any such unauthorized duplications;

23       (B)    Shipping, delivering, holding for sale, distributing, returning, transferring or

24               otherwise moving or disposing of in any manner audio-visual products

25               containing content infringing on plaintiff's copyrights in its programs and/or

26               falsely bearing plaintiff's trademarks or trade names or any reproduction,

27               counterfeit, copy, or colorable imitation of same;

28

United States District Court

For the Northern District of California

(C)    Importing, making, marketing, distributing, selling, offering for sale, renting, leasing and/or otherwise trafficking, including but not limited to over the Internet, in unauthorized copies of audio-visual content and/or products the copyrights to which are owned or licensed by plaintiff;

(D)    Offering to do, or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) through (C).

**B.    Damages**

The Copyright Act permits the copyright owner to select between actual and statutory damages.  17 U.S.C. § 504.  Plaintiff has chosen statutory damages, which permit an award from $750 to $30,000 *per infringement*, to be determined "as the Court considers just."  Id. § 504(c)(1); see also Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984) ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.").  In addition, if the Court finds that infringement was willful, it may, in its discretion, enhance damages to $150,000 per infringement.  Plaintiff requests damages of $150,000 per infringement, which amounts to $2.85 million against each group of defendants.

In the copyright infringement context, "willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement."  See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 293 (9th Cir. 1997), *rev'd on other grounds by* Feltner v. Columbia Pictures Television, Inc., 118 S. Ct. 1279 (1998); see also Nimmer on Copyright § 14.04[B][3][a].  The Court finds that plaintiff has not demonstrated that defendants willfully infringed upon their copyrights under this definition.  Therefore, the Court declines to award enhanced damages.  Plaintiff has, however, shown defendants' conduct to be deplorable, and therefore the Court awards the statutory maximum amount of $30,000 per infringement.  Accordingly, the Pure Water defendants are jointly and severally liable to plaintiff for 19 separate acts of copyright infringement totaling $570,000.  Thuan Tran is also liable for 19 separate acts of copyright infringement totaling $570,000.

**United States District Court**
For the Northern District of California

## II.     Attorney's Fees and Costs

The Copyright Act permits a court, in its discretion, to award reasonable attorney's fees and costs. 17 U.S.C. § 505.  Plaintiff argues that such an award is particularly appropriate in cases where, as here, a defendant willfully infringes and then defaults when litigation commences, forcing a plaintiff to incur costs without any certainty that any damages will ultimately be recovered.  The Court agrees.  Accordingly, the Court awards plaintiff reasonable attorney's fees and costs.  Plaintiff's counsel is therefore entitled to attorney's fees and non-taxable costs in the amount of $5,127 against the Pure Water defendants, jointly and severally, and $1,809 against Thuan Tran.  Plaintiff's counsel shall file a bill of costs to the clerk of the court detailing any taxable costs pursuant to 28 U.S.C. § 1920.

## III.    Exoneration of Bond

Finally, plaintiff's bond of $5,000, posted to acquire a temporary restraining order against defendants, is hereby exonerated and released.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment is GRANTED. Plaintiff is entitled to (1) a permanent injunction prohibiting defendants from infringing on plaintiff's copyrighted works as detailed above; (2) damages of $570,000 against the Pure Water defendants, jointly and severally, and $570,000 against Thuan Tran; (3) attorney's fees and costs in the amount of $5,127 against the Pure Water defendants, jointly and severally, and $1,809 against Thuan Tran; and (4) the exoneration and release of the $5,000 bond.

**IT IS SO ORDERED.**

Dated: June 8, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28